UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| BRUD ROSSMANN, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 19-2808 (EGS) |
| SOCIAL SECURITY ADMINISTRATION, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION**

Plaintiff, appearing *pro se*, has sued the Social Security Administration ("SSA") to compel the release of records under the Freedom of Information Act ("FOIA") and the Privacy Act. *See* Order, ECF No. 3 (dismissing lawsuit against improperly named individuals). Pending before the Court is Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment, ECF No. 10. For the following reasons, the Court grants the motion to dismiss.

### I. BACKGROUND

**A. Request for Records and Agency Response**

On December 8, 2018, plaintiff requested:

> 1. A schedule of disqualifying income under the SSI program; the income levels that will disqualify me form SSI benefits.
>
> 2. All SSI program information that relates to disqualifying SSI income or resources.
>
> 3. All medical and other records related to my SSI program status; including without limitation.
>
> 4. All records related to my denied Plan to Achieve Self Support (PASS). Social Security Administration.

1

Declaration of C.T. Monica Chyn ("Chyn Decl."), ECF No. 10-1, Exs. A & B.  In its response dated January 8, 2019, defendant provided a website link "[f]or items 1 and 2." *Id*., Ex. B.  "For item 3," defendant informed plaintiff that he would need to "visit [his] local Social Security office," which it noted "has jurisdiction over the records necessary to process your request." *Id*.  Plaintiff was told to "resubmit" his request "to [the] local office" and to take with him on the visit "proper identification and a copy of this letter." *Id*.  The letter included information for plaintiff to "determine the location of [his] nearest local Social Security office[.]"  "For item 4," plaintiff was told to "contact your area's PASS cadre," and was provided [t]heir contact information." *Id*.  The letter closed with the following:

> If you disagree with this decision, you may file a written appeal with the Executive Director for the Office of Privacy and Disclosure, Social Security Administration, G-401 **WHR,** 6401 Security Boulevard, Baltimore, Maryland 21235. Your appeal must be postmarked or electronically transmitted to FOIA.Public.Liaison@ssa.gov within 90 days of the date of our response to your initial request. Please mark the envelope or subject line with "Freedom of Information Appeal."

*Id*.  The SSA has no record of plaintiff having resubmitted his request to a local office, nor of him filing a written appeal with the Executive Director.  Chyn Decl. ¶¶ 7, 8.

## B.  Court Proceedings

On September 3, 2019, plaintiff filed the instant action, alleging in relevant part:

> On June 30, 2017, Sonya Klyburn (phonetic) administered a medical examination of Brud Rossmann. As a result of this otherwise truly unusual medical examination, Brud Rossmann was awarded "medically disabled" status under the SSI program of the U.S. Social Security Administration (SSA).
>
> The related records from the June 30, 2017 medical examination have been unlawfully withheld after numerous Brud Rossmann FOIA, Privacy Act demands extending into from 2018 to 2019.

> At the Federal and D.C. or local levels; under both Federal and D.C. authorities. Brud Rossmann demands his long denied government records to include, without limitation, Sonya Klyburn's June 30, 2017 assessment, her related report, all reporting by her, and all other persons, including IMA, and without limitation. . . .
>
> Subsequent repeated FOIA and Privacy Act demands by Brud Rossmann of the SSA, related agencies, for the report of Klyburn, related documentation, have been denied.

Compl. ¶¶ 3-5, ECF No. 1.

Plaintiff's "Causes of Action" are "Freedom of Information Act (FOIA) and Privacy Act, Title 5." *Id*. at 11-12. He demands "Ten Million Dollars" in damages and "an Order requiring the SSA to provide unlawfully withheld documentation to include, without limitation, Klyburn's assessment." *Id*. at 12.

## II.  LEGAL FRAMEWORK

### A.  Rule 12(b)(1) Motion to Dismiss

On a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has subject-matter jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). "The court must address the issue of jurisdiction as a threshold matter, because absent jurisdiction the court lacks the authority to decide the case on any other grounds." *Am. Farm Bureau v. EPA*, 121 F. Supp. 2d 84, 91 (D.D.C. 2000). Moreover, because subject-matter jurisdiction relates to the Court's power to hear the claim, the Court must give the plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion. *Uberoi v. EEOC*, 180 F. Supp. 2d 42, 44 (D.D.C. 2001). In resolving a motion to dismiss for lack of subject-matter jurisdiction, the Court "may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's

resolution of disputed facts." *Coal. for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (internal citations and quotation marks omitted).

B.  Rule 12(b)(6) Motion to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks omitted). Despite this liberal pleading standard, to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). A claim is facially plausible when the facts pled in the complaint allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The standard does not amount to a "probability requirement," but it does require more than a "sheer possibility that a defendant has acted unlawfully." *Id*.

The court must give the plaintiff the "benefit of all inferences that can be derived from the facts alleged," *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994), considering "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice," *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002). The court need not "accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint" or "legal conclusions cast in the form of factual allegations." *Kowal*, 16 F.3d at 1276. Further, "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements" are not sufficient to state a claim. *Iqbal*, 556 U.S. at 678. Only a complaint that "states a plausible claim for relief survives a motion to dismiss." *Id*. at 679.

"In ruling on a motion to dismiss, the Court may consider not only the facts alleged in the complaint, but also documents attached to or incorporated by reference in the complaint and documents attached to a motion to dismiss for which no party contests authenticity." *Demissie v. Starbucks Corporate Office & Headquarters*, 19 F. Supp. 3d 321, 324 (D.D.C. 2014). Therefore, "'where a document is referred to in the complaint and is central to the plaintiff's claim, such a document attached to the motion papers may be considered without converting the motion to one for summary judgment' . . . 'Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied'. . . Moreover, a document need not be mentioned by name to be considered 'referred to' or 'incorporated by reference' into the complaint." *Strumsky v. Washington Post Co*., 842 F. Supp. 2d 215, 217-18 (D.D.C. 2012) (citations omitted); *see also Long v. Safeway, Inc.*, 842 F. Supp. 2d 141, 144-45 (D.D.C. 2012), *aff'd*, 483 Fed. App'x. 576 (D.C. Cir. 2012).

If, in deciding a Rule 12(b)(6) motion, the Court relies on matters outside the pleadings, "the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Plaintiff was so advised on January 6, 2020. *See* Order, ECF No. 11 (citing *Neal v. Kelly*, 963 F.2d 453 (D.C. Cir. 1992)).

### III.  DISCUSSION

Defendant asserts that dismissal is warranted because plaintiff failed to exhaust his administrative remedies before filing suit. *See* Mem., ECF No. 10 at 8-10. The Court agrees.

An agency subject to the Privacy Act must permit an individual to have access to his records and an opportunity to correct them. *See* 5 U.S.C. § 552a(d). The Privacy Act grants federal courts jurisdiction to compel compliance with the Act and, in the case of willful or intentional violations, to award damages. *See id*. § 552a(g). In contrast, an agency's disclosures under the FOIA are to the public at large, and the FOIA provides no damages remedy. Rather, it limits federal courts to compelling the release of improperly withheld records. Those distinctions notwithstanding, both Acts require requesters to exhaust their administrative remedies before filing suit. The failure to satisfy this exhaustion requirement "can be a substantive ground for rejecting a FOIA claim in litigation," *Bayala v. United States Dep't of Homeland Sec., Office of Gen. Counsel*, 827 F.3d 31, 35 (D.C. Cir. 2016), and it is a jurisdictional barrier to bringing a Privacy Act claim. *See Kursar v. Transportation Sec. Admin.*, 581 F. Supp. 2d 7, 18 (D.D.C. 2008), *aff'd*, 442 Fed. App'x 565 (D.C. Cir. 2011), quoting *Mulhern v. Gates*, 525 F.Supp.2d 174, 183 (D.D.C.2007) (" '[p]remature Privacy Act suits are dismissed for lack of subject[-]matter jurisdiction,' not under the judicial exhaustion doctrine") (alterations in original)).

Plaintiff disputes that he failed to exhaust the administrative steps set out in the SSA's response to his FOIA/PA request. In his unsworn opposition, plaintiff asserts "contrary to [defendant's] Declaration," he "in fact" wrote the "local SSA Field Office, and visited in person, to ensure any response information would be provided[.]" Pl.'s Resp. to Def.'s Mot. ("Opp'n"), ECF No. 12 at 4. He continues:

> As evidenced in Exh. Sec. 5, Brud Rossmann did in fact follow up with the SSA Field Office to secure a response to this 12 2018 dated FOIA, Privacy Act request. Moreover, Brud Rossmann repeatedly U.S. mailed the SSA, and then hand delivered to the SSA Field Office, such correspondence and/or related correspondence. Exh. Sec. 5. As well known to high or highest

6

        level SSA officials, ground level officials, and many others. Exh.
        Sec. 5.

*Id*. Plaintiff's proffered exhibit, set out below in its entirety, is puzzling and yet revealing.

EXHIBIT SECTION 5
SELECT PROOF OF BRUD ROSSMANN'S MAILED, HAND DELIVERED, OTHERWISE TRANSMITTED 2 2019 DATED CORRESPONDENCE TO THE SSA FIELD OFFICE CONSISTENT WITH THE SSA'S HACKED 1 8 2019 DECLARED RESPONSE, AND SOLOMON ABAWI'S 2 2019 HAND-DELIVERY OF CORRESPONDENCE FOR BRUD ROSSMANN

ECF No. 12-1 at 38. According to plaintiff, the aforementioned Solomon Abawi is a Case Manager at Miriam's Kitchen who as "Agent for the D.C. Department of Human Services hand delivered Brud Rossmann-to-SSA 2 26 2019 dated correspondence at the SSA Field Office in Washington, D.C. on or about 2 27 2019." Opp'n at 5. Apart from the fact that plaintiff has provided neither proof of delivery nor Abawai's sworn statement, he seemingly admits that he did not personally visit the local office as instructed. More importantly, notwithstanding plaintiff's vague denials, *see* Opp'n at 2-3, it is reasonably safe to conclude that he received SSA's final decision in January 2019, and that he did not appeal the decision administratively before filing this lawsuit in September 2019. Therefore, plaintiff's unexhausted Privacy Act claim is dismissed for want of subject matter jurisdiction.

      "The District of Columbia Circuit instructs that '[a] FOIA plaintiff's failure to exhaust administrative remedies before filing a civil action is properly treated as a failure to state a claim upon which relief may be granted' under Fed. R. Civ. P. 12(b)(6)." *Mitchell v. Samuels*, 160 F. Supp. 3d 8, 12, n.4 (D.D.C. 2016) (quoting *Saldana v. Fed. Bureau of Prisons*, 715 F. Supp. 2d 10, 18 (D.D.C. 2010), citing *Hidalgo v. FBI*, 344 F.3d 1256, 1260 (D.C. Cir. 2003)). Because exhaustion under the FOIA is not a jurisdictional prerequisite, the "district court has discretion to

7

overlook a failure to exhaust if 'the litigant's interests in immediate judicial review outweigh the government's interests in the efficiency or administrative autonomy that the exhaustion doctrine is designed to further.'" *Khine v. United States Dep't of Homeland Sec.*, 943 F.3d 959, 968 (D.C. Cir. 2019) (quoting *Avocados Plus Inc. v. Veneman*, 370 F.3d 1243, 1247 (D.C. Cir. 2004)). Plaintiff has offered nothing concrete to excuse his failure to exhaust. "To permit him to ignore the [SSA's] directive[s]" would deprive the agency of its "power to correct or rethink initial misjudgments or errors, . . . and frustrate the policies underlying the exhaustion requirement." *Hidalgo*, 344 F.3d at 1260. Therefore, plaintiff's FOIA claim is dismissed as well, albeit under Rule 12(b)(6).[1]

### IV.  CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is granted. A separate order accompanies this Memorandum Opinion.

        SIGNED:    EMMET G. SULLIVAN
        UNITED STATES DISTRICT JUDGE

Date: September 11, 2020

---

[1]  In a motion for an enlargement of time filed on January 30, 2020, defendant "advise[d] . . . that, on January 13, 2020, SSA mailed to Plaintiff via UPS tracking number 1Z61W0660296196626 a copy of the records Plaintiff has requested in this case." ECF No. 14 at 1 n.3. It is unclear whether the documents were released under the Privacy Act or the FOIA. Regardless, to the extent that plaintiff is dissatisfied with defendant's record release, *see* Am. Response, ECF No. 17, the dismissal of this case without prejudice permits him to bring a new civil action *after* exhausting his administrative remedies.